**Dated: May 13, 2005**
**The following is ORDERED:**



Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **ALLEN F. McKENDRICK and** | ) | Case No. 04-72074 |
| **SHIRLEY M. McKENDRICK** | ) | Chapter 7 |
| | ) | |
| Debtors, | ) | |
| | ) | |
| **KAREN CARDEN WALSH, TRUSTEE** | ) | Adv. No. 04-7105 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **HIBERNIA NATIONAL BANK** | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On the 20th day of April, 2005, the Motion for Summary Judgment and Brief in Support, filed by

Plaintiff; Objection and Response to Trustee's Motion for Summary Judgment, filed by Defendant; Motion

of Hibernia National Bank for Summary Judgment and Brief in Support, filed by Defendant; and Plaintiff's

Response and Objection to Defendant's Motion for Summary Judgment, filed by Plaintiff; came on for hearing. Appearances were entered by Karen Walsh, Attorney for Plaintiff, and Leonard Pataki, Attorney for Defendant. After review, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

Debtors filed for relief under Chapter 7 of the Bankruptcy Code on June 1, 2004. Mr. McKendrick was engaged in farm work and dozer operations. Plaintiff commenced this adversary proceeding on October 14, 2004, seeking to avoid the lien of the Defendant on a Caterpillar D7F Bulldozer, SN 92E99893 (the "bulldozer"). Plaintiff alleges that Defendant failed to properly perfect its claimed security interest by filing a financing statement under the name "Allen McKendricks" instead of the Debtor's legal name, "Allen McKendrick." Therefore, Plaintiff argues, the Defendant's interest in the bulldozer is inferior to the Plaintiff's interest, and voidable pursuant to Section 544 of the Bankruptcy Code. Plaintiff sold the bulldozer, with Court approval, for the sum of $25,000.00.

The financing statement at issue was prepared by Defendant and filed with the Oklahoma County Clerk on March 20, 2003. Defendant asserts that although it lists the Debtor's last name as "McKendricks," the financing statement perfecting its security interest is not seriously misleading under Okla. Stat. tit. 12A § 1-9-506, and therefore Defendant is the holder of a validly perfected security interest in the bulldozer. Defendant argues that its security interest is superior to the Plaintiff's interest, and is therefore not voidable.

Summary judgment is appropriate if the movant shows there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c), made applicable to this proceeding by Bankruptcy Rule 7056. "A fact is 'material' if, under the governing law,

2

it could have an effect on the outcome of the lawsuit." *EEOC v. Horizon/CMS Healthcare Corp.,* 220 F.3d 1184, 1190 (10th Cir. 2000). "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *Id.*

The moving party bears the burden of showing that no genuine issue of material fact exists. *Id., citing Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998). This Court must look at the record and draw reasonable inferences in the light most favorable to the nonmoving party. *Simms v. Okla. ex rel. Dept. of Mental Health,* 165 F.3d 1321, 1326 (10th Cir. 1999).

Okla. Stat. Ann. tit. 12A § 1-9-502(a)(1) (West Supp. 2002) provides:

(a) Subject to subsection (b) of this section, a financing statement is sufficient only if it:
  (1) provides the name of the debtor.

Pursuant to Okla. Stat. Ann. tit. 12A § 1-9-503(a)(4)(A) (West Supp. 2002):

(a) A financing statement sufficiently provides the name of the debtor:
  (4)(A) if the debtor has a name, only if it provides the individual or organizational name of the debtor.

Okla. Stat. Ann. tit. 12(A) § 1-9-506(a), (b) & (c) (West Supp. 2002) provides:

(a) A financing statement substantially satisfying the requirements of this part is effective, even if it has minor errors or omissions, unless the errors or omissions make the financing statement seriously misleading.
(b) Except as otherwise provided in subsection (c) of this section, a financing statement that fails sufficiently to provide the name of the debtor in accordance with subsection (a) of Section 1-9-503 of this title is seriously misleading.
(c) If a search of the records of the filing office under the debtor's correct name, using the filing office's standard search logic, if any, would disclose a financing statement that fails sufficiently to provide the name of the debtor in accordance with subsection (a) of Section 1-9-503 of this title, the name provided does not make the financing statement seriously misleading.

The Trustee argues that *Clark v. Deere & Co. (In re Kinderknecht),* 308 B.R. 71 (B.A.P. 10th

Case 04-07105    Doc 33    Filed 05/13/05    Entered 05/13/05 16:13:34    Desc Main
Document      Page 3 of 6

Cir. 2004), is applicable in the present case. In *Clark*, the Bankruptcy Appellate Panel for the Tenth Circuit found that a secured creditor must list an individual debtor by their legal name, rather than a nickname, for a financing statement to be sufficient under Kansas law. *Id.* at 73.

The secured creditor in *Clark* was granted security interests in two farm implements, and promptly filed financing statements. The secured creditor, however, listed the debtor's first name as "Terry" rather than "Terrance," the debtor's legal first name. The trustee commenced an adversary proceeding against the secured creditor, seeking to avoid its interests in the farm implements.

The Bankruptcy Appellate Panel found the financing statements to be seriously misleading under Kansas Law. *Id.* at 74. In its reasoning, the Panel noted four practical considerations that supported its holding:

> First, mandating the debtor's legal name sets a clear test so as simplify the drafting of financing statements. Second, setting a clear test simplifies the parameters of UCC searches. Persons searching UCC filings will know that they need the debtor's legal name to conduct a search, they will not be penalized if they do not know that a debtor has a nickname, and they will not have to guess any number of nicknames that could exist to conduct a search. Third, requiring the debtor's legal name will avoid litigation as to the commonality or appropriateness of a debtor's nickname, and as to whether a reasonable searcher would have or should have known to use the name. Finally, obtaining a debtor's legal name is not difficult or burdensome for the creditor taking a secured interest in a debtor's property. Indeed, knowing the individual's legal name will assure the accuracy of any search that creditor conducts prior to taking its secured interest in property.

*Id.* at 75-76 (footnotes omitted).

The Bankruptcy Appellate Panel concluded that an "individual debtor's legal name must be used in the financing statement to make it sufficient" under the Kansas statutes. *Id.* at 75. The Panel reasoned:

> The logical starting point for a person searching records would be to use the debtor's legal name. When a UCC search of the debtor's legal name does not provide any matches, parties in interest should be able to presume that the debtor's property is not encumbered,

4

and they should not be charged with guessing what to do next if the legal name search does not result in any matches.

*Id.* at 76-77.

The court in *Clark* also noted that "although use of the Official Forms is not mandated, the language in the Financing Statement Form ... expressly states that the preparer should include the 'DEBTOR'S EXACT FULL LEGAL NAME.'" *Id.* at 76. The Kansas statutes at issue in *Clark* are nearly identical to the relevant Oklahoma statutes governing financing statements.

The Plaintiff states that by following the search instructions on the Oklahoma County Clerk's website, the financing statement filed by Defendant could not be found. Therefore, Plaintiff argues, § 1-9-506(c) is inapplicable. Defendant argues, however, that the "standard search logic" referred to in § 1-9-506(c) is not the suggested search instructions on the Clerk's website, rather "standard search logic" consists of the internal rules that are applied by the search system to the input provided by the searcher. Defendant further argues that the standard search logic does not require a certain form of the debtor's name to be presented.

Performing a search on the Oklahoma County Clerk's website using "McKendrick, A" or "McKendrick, Allen" does not reveal the financing statement filed by Defendant. Performing a search using only "McKendrick" does reveal the name "McKendricks, Allen," among several other names. If this item is then selected, the Defendant's financing statement is revealed. Defendant argues that a reasonably diligent searcher would find Defendant's financing statement.

The record before the Bankruptcy Appellate Panel in *Clark* included UCC searches under the debtor's legal name, "Terrance," which resulted in no matches. However, numerous matches were found

5

under "Terry" and "T." *Clark,* 308 B.R. at 76. The Panel in *Clark* found that because a search of the debtor's "correct name" did not disclose a financing statement, the Kansas equivalent to § 1-9-506(c) did not apply. *Id*.

This Court finds the reasoning in *Clark* to be very instructive in the present case. As stated by the Panel in *Clark*, requiring the legal name of the debtor sets a clear test, simplifying the parameters of UCC searches. In the present case, searching under "McKendrick, A" or "McKendrick, Allen" would not lead to the discovery of the Defendant's financing statement. And as stated in *Clark*, a person should not have to guess what to do next. Although searching under "McKendrick" alone would bring up the selection of "McKendricks, Allen," this Court believes that a person performing a UCC search should not be required to guess or assume that the "McKendricks" entry is actually their debtor.

As a result, this Court finds that the Defendant's financing statement is seriously misleading. Therefore, the Plaintiff's Motion for Summary Judgment should be granted.

IT IS THEREFORE ORDERED that the Motion for Summary Judgment and Brief in Support, filed by Plaintiff, is **granted.**

###